**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHANDAR A. SNOW,<br><br>        Petitioner,<br><br>        v.<br><br>MS. JUSINO et al.,<br><br>        Respondents. | Case No. CV 21-6253-JWH (JPR)<br><br>ORDER SUMMARILY DISMISSING 28 U.S.C. § 2241 HABEAS PETITION |

On August 2, 2021, Petitioner, who is housed at the Federal Correctional Institution in Victorville, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241. He was apparently convicted in the Eastern District of Michigan in 1993 of conspiracy to distribute cocaine base and conspiracy to kill someone during a drug crime and was sentenced to life in prison. See United States v. Snow, 48 F.3d 198, 199 (6th Cir. 1995); (see also Pet. at 2).

Generally, after a conviction and sentence are final, the only mechanism for a federal prisoner to seek relief from judgment is through 28 U.S.C. § 2255. See Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). Prisoners may file only one

§ 2255 motion, and only within certain strict time limits.  See § 2255(f), (h).  Under the "savings clause" of § 2255, however, a prisoner may file a federal habeas petition when it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  § 2255(e).  To qualify under that clause, a petitioner must claim he is actually innocent and not have had an "unobstructed procedural shot" at presenting the claim earlier.  Harrison v. Ollison, 519 F.3d 952, 959 (9th Cir. 2008).  The ban on unauthorized successive § 2255 motions does not by itself render § 2255 inadequate or ineffective.  Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006).[1]

When a federal prisoner files a § 2241 petition, a district court must answer the "threshold jurisdictional question" of whether the petition is properly brought under § 2241 or "is, instead, a disguised § 2255 motion."  Marrero v. Ives, 682 F.3d 1190, 1194 (9th Cir. 2012).

Because Petitioner seeks "immediate release and/or time served on both counts" of conviction (Pet., Ex. A at 2), his Petition is a disguised § 2255 motion and must be denied unless he can meet the requirements of the savings clause.  To show actual innocence, a petitioner must "demonstrate that, '"in light of all the evidence,"' 'it is more likely than not that no reasonable juror would have convicted him.'"  Bousley v. United States, 523 U.S. 614, 623 (1998) (quoting Schlup v. Delo, 513

---

[1] In late 2018 Petitioner asked the Sixth Circuit for leave to file a successive § 2255 motion but was denied.  Order, ECF No. 12-2, In re Chandar Snow, No. 18-2402 (6th Cir. Apr. 5, 2019).

U.S. 298, 327-28 (1995)). In determining whether a petitioner had an earlier unobstructed procedural shot at raising his claim, a court considers only whether he had the opportunity to raise it, not whether he in fact did so or whether it was rejected. See Ivy v. Pontesso, 328 F.3d 1057, 1059-60 (9th Cir. 2003).

The extent of Petitioner's actual-innocence claim is as follows:

> Petitioner was charged with an inetntional [sic] killing with a 12 yrs. old allegely [sic] co-conspirator. While Petitioner was standing on the porch of the only "key witness to the seen [sic]" when the alleged killer came from in the back of the apartment with the victim, he came up to Petitioner and whispered in his ear what just happen Petitioner.

(Pet. at 4.) This clearly does not show that no reasonable juror would have convicted him.

Nor can Petitioner demonstrate that he has not had an unobstructed procedural shot at raising his claims, which seem to center on alleged errors in his presentence report and the sentencing court's denial of his application to be resentenced under the First Step Act. (See Pet. at 3-4.) The Sixth Circuit interpreted his pro se direct appeal as attacking only his conviction on the conspiracy-to-kill count, not the drug conspiracy. See Snow, 48 F.3d at 199. It did likewise when it affirmed the district court's rejection of his more recent application to be resentenced (see Pet., Ex. B at 5), during which he was represented by counsel (id. at 2). He seems to argue that in fact both times he requested relief on both counts

(see Pet. at 3) and therefore, the Court extrapolates, did not have an unobstructed shot at having his challenges to the drug conspiracy considered.

Even if what Petitioner claims is true, he still cannot seek relief here through the safety valve. See Moore v. Copenhaver, No. 1:13-cv-01747-JLT., 2013 WL 6054431, at *4 (E.D. Cal. Nov. 15, 2013) (denying § 2255 motion disguised as § 2241 petition when petitioner claimed district court in sentencing district failed to address arguments he had raised in supplemental brief); Smith v. U.S. Att'y Gen., No. CV 18-174-TUC-FRZ (BGM), 2018 WL 10847454, at *2 (D. Ariz. July 25, 2018) (rejecting argument that appellate court's "fail[ure] to address the issue of the change in Mississippi law" or its ignorance of that change resulted in petitioner's not having had unobstructed procedural shot at raising claim).  After all,

> Petitioner had an opportunity to present his claims and
> he did so.  That he was not satisfied with the way in
> which the . . . court dealt with those issues is not a
> question this Court need address.

Moore, 2013 WL 6054431, at *4; see also id. at *3 (noting that Ninth Circuit has held that under safety valve, petitioner "must never have had the opportunity to raise [claim] by motion" (emphasis in original) (citing Ivy, 328 F.3d at 1060)).  If those courts truly overlooked his claims, he was not without recourse: he could have petitioned for rehearing or sought a writ of certiorari in the U.S. Supreme Court.  His answer was not to file a habeas petition in this district.

Petitioner thus has not shown that § 2255 is inadequate or

ineffective as a means of providing him relief, and his Petition must be summarily dismissed under Local Rule 72-3.2 for lack of jurisdiction.[2]

IT THEREFORE IS ORDERED that Petitioner's Petition for a Writ of Habeas Corpus is summarily dismissed.

DATED: October 7, 2021

JOHN W. HOLCOMB
U.S. DISTRICT JUDGE

Presented by:

Jean Rosenbluth
U.S. Magistrate Judge

---

[2] Local Rule 72-3.2 provides that "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge."